UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GROVER C. FERGUSON,

    Petitioner,

v.

    Case No. 24-C-432
    Criminal Case No. 15-CR-81

UNITED STATES OF AMERICA,

    Respondent.

# SCREENING ORDER

On April 21, 2015, a woman left her home and approached her Chrysler Pacifica, which was parked on the street in front of her residence in the 2800 block of N. 50th Street in Milwaukee. As she entered her vehicle, Grover C. Ferguson, then two months shy of his eighteenth birthday, opened the passenger door and demanded her keys. The woman paused, thinking it was a joke, and Ferguson demanded "Bitch, give me the keys." Before she could respond, Ferguson fired several shots from a .22 caliber Ruger revolver he had stolen from his mother the previous day, striking the woman in the face, while her 29-year old niece and her niece's four-year-old daughter looked on from across the street. The woman collapsed outside the driver's door. Ferguson walked around to the driver's side of the vehicle, grabbed the keys, and after threatening the woman's niece, entered the Pacifica and drove off. He was arrested in the early hours of the next day after leading police on a chase through a red traffic light and five stop signs at speeds in excess of 70 miles per hour. Presentence Investigation Report (PSI), ¶¶ 15–21. Ferguson later pleaded guilty to Vehicular Robbery by Force, in violation of 18 U.S.C. § 2119(2), and Discharge of a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

The woman Ferguson shot had crawled to the curb to avoid being run over as he drove away. Though she survived, she has permanent blindness in her right eye, nerve damage to her ear and face, and the left side of her mouth is numb. At the time of Ferguson's sentencing, she was suffering pain daily as a result of her injuries. One bullet was still lodged in the left side of her face. Because she was no longer able to drive, she had lost her independence and was dependent on others to provide transportation for her. She continued to suffer from emotional scars and was reliving the ordeal in nightmares. She had also been unable to resume working and was suffering financially. PSI ¶¶ 24–26.

On December 3, 2015, Judge Rudolph T. Randa sentenced Ferguson to a total term of 50 years imprisonment. The Seventh Circuit vacated and remanded for re-sentencing. *United States v. Ferguson*, 831 F.3d 850 (7th Cir. 2016). On November 14, 2016, I resentenced Ferguson to a total term of 35 years of imprisonment and 5 years supervised release. Ferguson appealed his amended sentence, and the Seventh Circuit affirmed on May 2, 2018. *United States v. Ferguson*, 889 F.3d 314 (7th Cir. 2018). The case is currently before the court on Ferguson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Rule 4, Rules Governing § 2255 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. Ferguson claims that his sentence should be vacated and

2

Case 1:24-cv-00432-WCG   Filed 04/22/24   Page 2 of 6   Document 2

set aside because it falls under the "unusually long sentence" category of Amendment 821 to the United States Sentencing Guidelines, an Amended Policy Statement that took effect in November 2023, wherein the Sentencing Commission describes what constitutes extraordinary and compelling reasons for a sentence reduction. The newly added category states:

> Unusually Long Sentence. — If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Ferguson asserts that the "unusually long sentence" category implicates the Due Process, Double Jeopardy, and Cruel and Unusual Punishment Clauses of the United States Constitution. Dkt. No. 1 at 5. Particularly, he argues that he was punished twice for the same offense conduct, in violation of the Double Jeopardy Clause, because § 924(c)(1)(A)(iii)'s additional 10-year mandatory minimum did not apply to his conviction under § 2119(2). *Id.* at 9. Second, he argues his prior juvenile conviction was erroneously included in the calculus of his criminal history and that he has not had opportunity to be heard on this issue, in violation of his due process rights. *Id.* at 10. Third, he asserts that his judgment is null because the court erroneously included his convictions under § 2119(2) and § 924(c)(1)(A)(iii), along with his juvenile conviction, when determining his criminal history. *Id.* at 12.

"A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). The limitation period runs from whichever of the following happens last:

(1) the date on which the judgment of conviction becomes final;

3

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4).

Ferguson argues that his motion is timely because he exercised due diligence, acting "promptly to identify the unusually long sentence, what precipitated such unusually long sentence and the vehicle to try to vindicate his rights relative to the unusually long sentence" after the recent passage of § 1B1.13(b)(6). Dkt. No. 1 at 14 (citing 28 U.S.C. § 2255(f)(4)). He also argues that before § 1B1.13(b)(6), the "[m]ovant had no idea that his sentence was unusually long, or, what made it unusually long." *Id.* at 10 (citing 28 U.S.C. § 2255(f)(4)).

Ferguson is not entitled to the relief he seeks under 28 U.S.C. § 2255. The amendment to the Federal Sentencing Guidelines did not change the law governing double jeopardy or due process. To the extent Ferguson's rights under the Fifth Amendment were violated by his conviction or sentence, the judgment became final and the limitations period began to run more than five years ago. Any such claims are clearly barred by the one-year limitation period.

It appears Ferguson is actually seeking relief under Amendment 821 to the Sentencing Guidelines. But relief under § 2255 is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013). "[D]eviations from the Sentencing Guidelines generally are not cognizable on a § 2255 motion." *Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010); *Scott v. United States*, 997

4

F.2d 340, 343 (7th Cir. 1993). Thus, even if Amendment 821 changed the applicable guideline range for Ferguson, he would not be entitled to relief. This is especially true since the Guidelines played little role in the sentencing determination in this case.

In any event, Amendment 821 did not change Ferguson's sentence range under the Guidelines. Amendment 821 eliminated the two criminal history points for defendants who committed the offense while under any criminal justice sentence under the previous version of the Sentencing Guidelines. U.S.S.G. Amend. 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Apr. 19, 2024). But Ferguson was not under any criminal justice sentence at the time he committed his offenses, so he did not receive any points. Amendment 821 also provided for a two-level reduction in the offense severity score for certain defendants who had zero criminal history points. *Id.* But Ferguson had two criminal history points for the armed robbery he committed as a juvenile, so he was not entitled to the two-level reduction. Moreover, the reduction does not apply if the defendant used violence or credible threats of violence in connection with the offense or caused serious bodily injury. U.S.S.G. § 4C1.1(a)(3) and (4). Because Ferguson used violence and caused serious bodily injury, he would not be entitled to the reduction even if he did not have any criminal history points.

The retroactive applicability of the changes to U.S.S.G. § 1B1.13(b)(6) brought about by Amendment 821 likewise has no applicability here. Construing his motion liberally as one for a sentence reduction under § 3582(c)(1)(A)(i), Ferguson solely relies on § 1B1.13(b)(6) as a basis for relief. However, besides the amendment to § 1B1.13(b)(6) itself, Ferguson has not alleged an independent change in the law, let alone one that presents an extraordinary and compelling reason, to justify a sentence reduction under that category. Even if there had been a change in the law that would produce a gross disparity between the sentence being served and the sentence likely to be

5

imposed, Ferguson has not yet served the threshold 10 years of imprisonment, as required by § 1B1.13(b)(6). Accordingly, his motion for relief under § 2255 is summarily denied. A certificate of appealability is denied, as the court concludes that its decision is neither incorrect nor debatable among jurists of reason. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment accordingly.

Ferguson is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 60 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Ferguson decides to appeal, he should also request that the court of appeals issue a certificate of appealability.

**SO ORDERED** at Green Bay, Wisconsin this 22nd day of April, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge